# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN WOJTASZEK,<br><br>         Plaintiff,<br><br>    vs.<br><br><br>TRAMVIEW INVESTORS,<br><br>         Defendant. | CASE NO. 12-cv-227-MMA (JMA)<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>[Doc. No. 1]<br><br>**DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>[Doc. No. 2] |

On January 27, 2012, Jan Wojtaszek, proceeding *pro se*, filed the above-captioned action against Tramview Investors. [Doc. No. 1.] Along with the complaint, Plaintiff filed a motion to appoint counsel. [Doc. No. 2.] For the reasons set forth below, the Court **DISMISSES** the complaint without prejudice for lack of subject matter jurisdiction and **DENIES** the motion for appointment of counsel as **MOOT**.

///
///
///
///

## **LEGAL STANDARD**

Federal courts have limited jurisdiction, and therefore, can only hear certain types of claims that the Constitution or Congress has authorized them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). For example, common bases for federal jurisdiction include actions: where there is diversity of citizenship among the parties (28 U.S.C. § 1332); that present a federal question (28 U.S.C. § 1331); or are based on statutes that regulate specific subject matters such as civil rights, antitrust, copyright, and trademark. Thus, "[i]t is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Fenton v. Freedman*, 748 F.2d 1358, 1359, n. 1 (9th Cir. 1984). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen*, 511 U.S. at 377. To overcome that presumption, the plaintiff must provide a statement of the grounds for the federal court's subject matter jurisdiction. FED.R.CIV.P. 8(a) ("A pleading . . . must contain (1) a short and plain statement of the grounds for the court's jurisdiction[.]").

It is well-established, however, that a court is to "liberally construe" the complaint of a plaintiff appearing pro se. See *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see also Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("More generally, the Court has held pro se pleadings to a less stringent standard than briefs by counsel and reads pro se pleadings generously, 'however inartfully pleaded,'" citing *Haines*, 404 U.S. at 519, 520); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1268 (9th Cir. 1992) (noting that the entry of a default judgment "against a pro se litigant . . . for essentially a mistake of form strikes us as an unjust and excessive sanction"). These "liberal pleading standards" are not without limits, however, and even a pro se litigant must, in order to avoid dismissal, make allegations that vest the court with subject matter jurisdiction. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

/ / /

/ / /

## DISCUSSION

Here, Plaintiff summarily states the Court has jurisdiction. The complaint, however, does not allege any federal claims. Plaintiff's complaint is a single paragraph, which states in its entirety:

> I lived in the Tramview Park 10 years. Park had one master electric meter. Individual meter were old. Rust and not working. I was charged from $30 to $300 when I used electricity from $15 to $30 monthly. That was confirmed by the Edison Electric Co. When I objected this by the manager, he become angry at me and started harassing me. By the angry manager before the Court was involved. Not considering that he had my monthly deposit which was not still returnet to me. So, in a few days they evicted me leaving my own mobile home and all my possesion for destruction. I had no place to go, so I have been sleeping in my car for almost four (4) years. I want to believe in it! My dramatic letters to highest authorities are the cry for help. In view of this fact, I request a fair revision of my case.

Plaintiff's limited allegations do not raise a federal question.

Nor does the Complaint indicate diversity jurisdiction exists, as the amount in controversy is unclear and it is not evident whether the parties are citizens are different states.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this action without prejudice, and **DENIES** Plaintiff's motion for appointment of counsel as **MOOT**. Plaintiff shall have *__twenty-one (21) days__* from the date of this Order to file an amended complaint. If no amended complaint is filed this matter shall remain closed.

**IT IS SO ORDERED**.

DATED: February 2, 2012

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge