# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN WOJTASZEK,<br><br>                    Plaintiff,<br>   vs.<br><br>TRAMVIEW INVESTORS,<br><br>                    Defendant. | CASE NO. 12-cv-227-MMA (JMA)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 13]<br><br>**DISMISSING COMPLAINT WITH PREJUDICE** |

On January 27, 2012, Plaintiff Jan Wojtaszek, proceeding *pro se*, filed the above-captioned action against Tramview investors. [Doc. No. 1.] Along with the complaint, Plaintiff filed a motion to appoint counsel. [Doc. No. 2.] On February 2, 2012, the Court *sua sponte* dismissed the action for lack of subject matter jurisdiction and denied the motion for appointment of counsel as moot. [Doc. No. 3.] Plaintiff later filed a document which the Court construed as a first amended complaint ("FAC"). [Doc. No. 9.] Subsequently, the Court ordered Plaintiff to pay the filing fee or move to proceed in forma pauperis ("IFP"). [Doc. No. 11.] On April 3, 2012, Plaintiff submitted a motion to proceed IFP. [Doc. No. 13.]

Based on the information provided by Plaintiff, pursuant to 28 U.S.C. § 1915(a), the Court **GRANTS** Plaintiff's IFP motion. The Court is obligated to review a complaint filed IFP *sua sponte* and must dismiss the action if it determines that the complaint is frivolous, malicious, or fails to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2). After careful review, the Court finds

that Plaintiff's complaint is frivolous and void of any plausible claims for relief. The FAC is rambling and incoherent and does not provide a statutory or legal basis for Plaintiff's claims. The FAC appears to be a document previously filed in the United States Court of Appeals in St. Louis, Missouri and alleges the same factual allegations as those in the original complaint filed in the present action. Although the Court is sympathetic to Plaintiff's apparent unfortunate circumstances, the allegations set forth in the FAC do not state a valid claim upon which relief can be granted. Furthermore, Plaintiff still fails to provide any basis for the Court's subject matter jurisdiction over the action. Because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court **DISMISSES** the complaint **with prejudice**. *Franklin v. Murphy*, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984).

    **IT IS SO ORDERED**.

DATED: April 17, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge